IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WRIGHT,<br><br>    Petitioner,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>    Respondent.<br>                                            / | No. C 11-5123 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS MIXED PETITION; DIRECTING PETITIONER TO ELECT COURSE OF ACTION WITHIN THIRTY DAYS**<br><br>(Docket No. 8) |

**INTRODUCTION**

This is a habeas case filed pro se by a state prisoner. Respondent was ordered to show cause why the petition should not be granted based on the four cognizable claims in the petition. Respondent filed a motion to dismiss on the grounds that three of the claims have not been not exhausted. Petitioner has filed an opposition and respondent has filed a reply brief. For the reasons set out below, the motion is **GRANTED** and petitioner is ordered choose from one of three courses of action.

**STATEMENT**

In 2010, petitioner pled guilty in Santa Clara County Superior Court to committing second-degree robbery and vandalism, and admitted to using a deadly weapon and to two prior "strike" convictions. The trial court sentenced him to a term of 36 years to life in state prison. On appeal, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review. Thereafter, petitioner filed the instant federal habeas

petition.

## ANALYSIS

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). There is another exception: rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner makes four claims in his petition: (1) his right to due process was denied when the trial court declined to strike his prior "strike" convictions; (2) he was sentenced as a "habitual criminal offender" but not charged as such; (3) at the entry of guilty plea and the sentencing, the trial court should have conducted a hearing on whether he was sane when he committed the offense; and (4) he was denied due process because he was imprisoned instead of being civilly committed on the basis of his mental illness.

After petitioner was convicted and sentenced in the trial court, he appealed to the California Court of Appeal and then filed a petition for review in the California Supreme Court (Mot. Ex. 1). The parties agree that petitioner did not file any habeas petitions or otherwise return to the California Supreme Court. The petition for review only set forth the first claim

petitioner raises in the instant petition, and did not include the second, third or fourth claims (*ibid.*). Petitioner concedes that the second claim has not been exhausted and he requests that it be dismissed. As to the third and fourth claims, he argues that they should be combined with the first claim and not considered as separate claims because he exhausted their "factual predicate." The petition for review asserted that petitioner suffered from mental illness, which is arguably part of the factual predicate for his third and fourth claims (*ibid.*). Petitioner only raised his mental illness, however, to argue the trial court should have struck his prior "strike" convictions because of this illness (*ibid.*). As such, the mental illness only served as support for his first claim herein – that the trial court violated his right to due process by failing to strike his prior convictions, and did not exhaust his separate claims herein that the trial court should have held a hearing (claim three) and civilly committed him (claim four). Nevertheless, to the extent the third claim and fourth claim argue that he suffered from mental illness when he committed the offense, such an argument will be considered as part of his first claim. Specifically, the first claim will be considered to include the argument that at sentencing the trial court should have held a hearing on petitioner's mental illness at the time of the offense, and granted his motion to strike his prior convictions based upon his suffering from such an illness. The third and fourth claims are otherwise unexhausted, as his the second claim. Respondent's motion to dismiss the petition as a mixed petition containing both unexhausted and exhausted claims will be granted, and petitioner must choose a course of action from the options described below.

## CONCLUSION

1. Respondent's motion to dismiss (document number 8) is **GRANTED**.

2. Petitioner may chose from three possible courses of action: (1) he may dismiss this petition with an eye to exhausting his unexhausted claims and then filing another federal petition;[1] (2) he may amend the petition to dismiss the unexhausted claims, and proceed with

---

[1] Any subsequent federal petition may be barred by the one-year statute of limitations in 28 U.S.C. 2244(d).

3

the three claims that are exhausted;[2] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the three unexhausted claims, and then, if unsuccessful in state court, return here and ask that the stay be lifted. If he chooses the third option of seeking a stay, he is cautioned that a stay can only be granted if he shows "good cause" for his failure to exhaust the claims sooner, that the claims are "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

3. Petitioner must elect one of the three choices set out in section three within **thirty days** of the date this order is entered. If he does not, this case will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: December 10, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\WRIGHT5123.MTDFTE.wpd

---

[2] If he chooses this option he probably will not be able to file a future federal petition containing the unexhausted claims because second federal petitions are generally barred by 28 U.S.C. 2244(b)(2).

4