IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WRIGHT, | No. C 11-5123 WHA (PR) |
| Petitioner, | **ORDER STRIKING UNEXHAUSTED CLAIMS; TO SHOW CAUSE** |
| v. | |
| DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. On December 12, 2012, respondent's motion to dismiss the petition on the grounds that the second, third and fourth claims were not exhausted was granted. Petitioner was directed to choose from three possible courses of action: (1) dismiss this petition with an eye to exhausting his unexhausted claims and then filing another federal petition; (2) amend the petition to dismiss the unexhausted claims, and proceed with the one claim that is exhausted; or (3) ask for a stay of this case while he returns to state court to attempt to exhaust the second, third and fourth claims, and then, if unsuccessful in state court, return here and ask that the stay be lifted. Thereafter he indicated that he wanted a stay, but he did not show "good cause" for his failure to exhaust the claims sooner, as required by *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005). On January 22, 2013, he was granted thirty additional days to make that showing.

He wrote a letter stating that the attorney who represented him on direct appeal in state court, Jonathan E. Berger, did not explain to him that he could continue to pursue his claims in

the state courts. He attaches a letter from Mr. Berger at the conclusion of his direct appeals explaining that if petitioner pursues a federal habeas petition, it must only include claims that had been rejected by the California Supreme Court. Based upon this letter, petitioner should have known that his unexhausted claims two, three and four, could not be raised in federal court because they were not presented to the California Supreme Court. He does not explain or show good cause for his failure to do so, either in the petition for direct review filed by Mr. Berger or in a subsequent state court habeas petition. Consequently, a stay cannot be granted. As indicated in the prior orders, this matter will therefore proceed based solely upon the exhausted claim set forth in the petition (claim one). Claims two, three and four are **STRICKEN** from the petition for lack of exhaustion.

Respondent shall file with the court and serve on petitioner, within **91 days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based petitioner's first claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **28 days** of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: April  10 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\WRIGHT5123.OSC2.wpd