IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WRIGHT,<br><br>           Petitioner,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>           Respondent. | No. C 11-5123 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based upon petitioner's claim. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

On March 3, 2009, Anthony Latona was visiting the home of David Gearhart when petitioner knocked on the door. Gearhart answered the door and found petitioner with a machete about 18" long stuffed up his shirt sleeve so that only the end of the handle was showing (Resp. Ex. 3 at 3). Petitioner was upset about some phone calls he had received late the night before and asked to speak to Latona (*ibid.*). Latona told petitioner that he knew nothing about the calls and asked petitioner to leave (*id.* 4). About five minutes later, Latona

1  went outside and found petitioner standing with the machete either up his sleeve or in his hand
2  (*ibid.*). Latona noticed that the passenger's window on the driver's side of his Ford SUV was
3  broken (*ibid.*). Petitioner began chasing Latona around the car while slightly waving the
4  machete and demanding money from Latona (Resp. Ex. 1 at 9). Petitioner started banging on
5  another window of Latona's car with the handle of the machete (Resp. Ex. 3 at 4). At about this
6  time, a police officer drove by, observed petitioner's behavior, and approached (*ibid.*).
7  Petitioner hid the machete in a nearby bush before being arrested (Resp. Ex. 4 at 2).

8  Petitioner was charged in Santa Clara County Superior Court of one count of attempted
9  second-degree robbery, carrying a concealed dirk or dagger, and vandalism in the amount of
10 less than four hundred dollars. *See* Cal. Pen. Code § 211-212.5(c), 12020(a)(4),
11 594(a)(b)(2)(A). The concealed weapon charge was dismissed and petitioner pled no contest to
12 the second-degree robbery and vandalism charges.

13 Petitioner was found to have two prior convictions that qualified as "strikes" under
14 California's "Three Strikes" Law. on his record. He was convicted of first-degree burglary in
15 1988, when he broke into an apartment unit and woke up the occupant. He told the occupant
16 that he was borrowing a videocassette recorder from the occupant's roommate. A bicycle was
17 also taken. He was again convicted of first-degree burglary in 1993. The victim came home to
18 find that her bedroom window had been broken. She heard noises inside the house and yelled
19 that she was going to call the police. There was then a loud crash from a television set being
20 dropped, and the intruder fled. Petitioner was subsequently arrested and found to be in
21 possession of a radio and roll of pennies that belonged to the victim.

22 Petitioner was sentenced to a term of 36 years to life in state prison. The California
23 Court of Appeal affirmed the conviction and the California Supreme Court denied a petition for
24 review. The instant federal petition followed.

## ANALYSIS

**I.   STANDARD OF REVIEW**

27 A district court may not grant a petition challenging a state conviction or sentence on the
28 basis of a claim that was reviewed on the merits in state court unless the state court's

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). In this case, the last reasoned opinion to address petitioner's claim is that of the California Court of Appeal.

## II.  PETITIONER'S CLAIM

As grounds for federal habeas relief, petitioner claims that the trial court's failure to strike one of his prior convictions violated due process. California authorizes a sentencing court to strike a prior "strike" conviction "in furtherance of justice." *People v. Superior Court*, 13 Cal.4th 497, 530 (1996). This limited discretion is subject to appellate review for abuse of discretion. *Ibid.* The California Court of Appeal found that the trial court did not abuse its discretion in denying petitioner's *Romero* motion, and that petitioner did not fall outside the letter and spirit of the "Three Strikes" sentencing scheme (Resp. Ex. 6 at 12). The Court found that petitioner's current and prior offenses each involved an element of violence, and noted that petitioner's criminal record, including eight felony and 12 misdemeanor convictions, was extensive (*id.* 10). Based on these findings, together with the petitioner's background, character

3

1  and prospects, the court found that the petitioner's circumstances were not extraordinary and
2  that he squarely fell within the "Three Strikes" scheme (*id.* 11).

3   The constitutional guarantee of due process is fully applicable at sentencing. *See*
4  *Gardner v. Florida*, 430 U.S. 349, 358 (1977). A federal court may vacate a state sentence
5  imposed in violation of due process in certain narrowly defined circumstances; for example, if a
6  state trial judge imposed a sentence in excess of state law, or enhanced a sentence based on
7  materially false or unreliable information or based on a conviction infected by constitutional
8  error. *See Walker v. Endell*, 850 F.2d 470, 476-477 (9th Cir. 1987).

9   First, petitioner was not sentenced in excess of state law. Under California's "Three
10 Strikes" law, defendants previously convicted of certain serious or violent felonies ("strikes") re
11 sentenced to increased terms of imprisonment. Cal. Pen. Code § 667(d). A defendant who
12 suffers a third "strike" receives an indeterminate term of life imprisonment, with a minimum
13 term that is the greatest of (1) "[t]hree times the term otherwise provided as punishment for
14 each current felony conviction," (2) 25 years, or (3) the term determined by the court, including
15 enhancements, under Section 1170 of the California Penal Code. Cal. Pen. Code § 667(e)(1).
16 Petitioner was convicted of two prior strikes for burglaries of dwellings, making the instant
17 offense his third strike. Cal. Pen. Code § 1192.7(c)(18). He was sentenced pursuant to the
18 "Three Strikes" law to a term of 25 years to life, plus enhancements for his use of a dangerous
19 weapon and prior prison terms, for a total sentence of 36 years to life in prison. This sentence
20 did not exceed what was authorized by state law.

21  Petitioner's sentence was also not enhanced based on materially false and unreliable
22 information. *See Walker*, 850 F.2d 476-477. To the contrary, the record demonstrates that the
23 sentencing judge relied on court records to determine his prior criminal history (Resp. Ex. 2 at
24 21-22), and there is no assertion or indication that this evidence was false or unreliable. Lastly,
25 petitioner does not argue, nor is there any indication, that his sentence was based on a
26 conviction infected by constitutional error. *See Walker*, 850 F.2d 476-477.

27  Petitioner argues that the trial judge misapplied the "Three Strikes" law in failing to
28 strike a prior "strike" conviction. A misapplication of a state's sentencing law violates due

4

process only if the misapplication was arbitrary or fundamentally unfair. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). That standard was not met here. In denying the motion to strike a strike, the judge articulated the legal standard for sentencing pursuant to California's "Three Strikes" law and made findings based upon it (Resp. Ex. 2 at 21-23). Specifically, the trial court found that while petitioner's underlying strike offenses were old, petitioner's subsequent criminal record was extensive (*ibid.*). Since his first strike in 1988, petitioner was continuously in and out of prison (*id.* 21). Notably, in 2000, the District Attorney's Office dismissed one of petitioner's prior strikes and sentenced him as a two striker on charges of forgery (*id*. 22). Petitioner was released from prison in 2002, and spent the next four years in and out of prison on six separate parole violations until he was ultimately discharged four years later in 2006 (*ibid.*). Petitioner contends that the trial court failed to adequately consider his history of mental illness as a reason to strike one of his prior "strikes." *See People v. Williams*, 17 Cal.4th 148, 161 (1998). However, the sentencing transcript indicates that the judge considered petitioner's mental health history as well as numerous aggravating circumstances such as petitioner's criminal record and the violent nature of the instant crime (Resp. Ex. 2 at 23). After considering the entire record, including petitioner's current offense, the strike offenses, and his background and social history, the trial court determined that petitioner fell within the area governed by the "Three Strikes" law, and sentenced him accordingly. This does not appear to be a misapplication of the state sentencing laws, and certainly was not arbitrary or fundamentally unfair.

Petitioner's sentence and the trial court's decision not to strike one of his prior "strike" convictions did not violate his constitutional right to due process. Accordingly, the state courts' denial of petitioner's claim was neither contrary to nor an unreasonable application of controlling federal law, and petitioner is not entitled to federal habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional

5

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: March 14, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE